**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMOTHY L. JOHNSON,

        Plaintiff,                  Civil Action No. 05-71083

                                      District Judge Arthur J. Tarnow
v.                                    Magistrate Judge R. Steven Whalen

OFFICER SADZEWICZ, OFFICER FINCH,
LIEUTENANT MAGULICK, LIEUTENANT BLACK,
T.A. ZAMORA, OFFICER VROMAN, STEVEN CULVER,
PAUL PEPPER,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

     Before the Court is Defendants Edward Sadzewicz, Frank Finch, Scott Magulick, James Black, T.A. Zamora, Donald Vroman, Steve Culver, and Paul Peppers' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed June 14, 2005 [Docket #14], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that Defendants Finch, Magulick, Black, Zamora, Vroman, Culver, and Pepper be dismissed WITH PREJUDICE under Fed. R. Civ. P. 12(b)(6)and that Defendant Sadzewicz be dismissed WITHOUT PREJUDICE pursuant to *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), unless Plaintiff files an amended complaint within 21 days, containing only the retaliation claim against Sadzewicz.

## I. FACTUAL BACKGROUND

Plaintiff, currently held at the Federal Correctional Institution at Milan, Michigan and proceeding in forma pauperis, brings this *Bivens*[1] action against Defendants for violations of his First, Fifth, and Eighth Amendment rights under the U.S. Constitution. He alleges that on April 5, 2004, Defendant Sadzewicz confiscated his radio and numerous legal documents from his cell area and personal locker. *Complaint* at ¶¶4-5. Plaintiff states that Sadzewicz then informed him that unless he signed an institutional confiscation form he would be placed in administrative segregation. *Id*. at ¶7. After signing the confiscation form, Plaintiff complained to the prison's warden, H.J. Marberry, who told him that had the right to pursue his complaints against Sadzewicz through the Bureau of Prisons' (BOP's) grievance process. *Id.* ¶at 9. Plaintiff alleges that Sadzewicz, having been informed by another officer that Plaintiff intended to file a grievance, pre-empted his attempts to complain by placing him in administrative segregation. *Id*. at ¶11-13. He alleges that after returning to the general prison population after spending two weeks in administrative segregation his legal documents, confiscated in the cell search, were not returned. *Id*. at ¶¶15-16. Plaintiff alleges that he exhausted his administrative remedies against Defendant Sadzewicz. *Complaint* at Appendix C,D,E,F; *Response to Motion to Dismiss* [Docket #19], Attachment, (Administrative Remedy no. 334461). Plaintiff alleges that two weeks after his release from administrative

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388; 91 S.Ct. 1999, 29; L.Ed.2d 619 (1971)

segregation, Defendant Black summoned him to the investigative office, returning only a portion of his confiscated legal documents. *Id*. at ¶17. Plaintiff alleges that one week later, he was again directed to the investigative office where he was questioned by Defendant Pepper, a Supervisory Attorney at the St. Louis Consolidated Legal Center, and Defendant Black. *Id.* at ¶21. Plaintiff states that Defendant Pepper ordered him to cease teaching other inmates how to place liens. *Id*.[2] Plaintiff adds that in the course of the "interrogation," Defendants Pepper and Black referenced the contents of Plaintiff's legal documents, including the portion which had not been returned. *Id*. at ¶22. Plaintiff alleges that the items seized by the BOP consist of discovery material pertaining to his original conviction, correspondence from his trial counsel, and research material gathered in a *pro se* attempt to attack his conviction. *Id*. at 27.[3] He alleges that as a result of the BOP's confiscation of his material, his family was forced to hire counsel to prepare a submission to the Seventh Circuit Court of Appeals. *Id.* at 28.[4]

Plaintiff further alleges that an Overnight Express package addressed to him arrived at the institution on June 25, 2004 but was diverted by Defendant Finch to Defendant Black.

---

[2] Defendants state that Plaintiff attempted to place unlawful liens on the property of "the judge, prosecutors, defense attorneys, and law enforcement officers" who were involved in his underlying criminal case. Defendants' *Motion to Dismiss* at 8.

[3] Plaintiff does not specify which portions of this material were returned two weeks after his release from administrative segregation.

[4] Plaintiff appealed a district court's dismissal of an action seeking a recalculation of his sentence. *Motion to Dismiss* at Exhibit A. In its February 2, 2005 order affirming the dismissal, the Seventh Circuit noted that Plaintiff had already completed direct and collateral appeals of his original conviction. *Id.*

*Id*. at ¶¶29-32.  He states that the package contained legal documents including a pre-sentence report and other material related to his underlying conviction. *Id*. at ¶30.[5]  He alleges that Defendant Culver, a mail room employee, later confirmed that Finch had given the package to Black and that in the intervening period the package had been lost. *Id*. at ¶32. Plaintiff alleges that he suffered emotional distress as a result of interference with his criminal appeals. *Id*. at ¶34.

## II. ANALYSIS

### A. Exhaustion

#### 1. General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion.  To satisfy the exhaustion requirement, an

---

[5]Plaintiff does not allege that any of the documents were protected by attorney-client privilege.

administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted. In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:[6]

---

[6] I recognize that the District Judge assigned to this case has in the past declined to apply the total exhaustion rule of *Jones-Bey* based on the *stare decisis* effect of *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *See Spearman v. Kocot*, Case no. 02-73105 [Docket #76]. Judge Enslen in the Western District of Michigan has taken the same approach, *see Porter v. Caruso*, 2005 WL 2679785 (W.D. Mich. 2005), drawing from Judge Clay's dissenting opinion in *Jones-Bey*. Other judges in this District, however, including those who rejected a total exhaustion rule prior to *Jones-Bey*, accept that rule as now being the law of the Circuit. *See Ford v. Rodda*, 2005 WL 2417092 (E.D. Mich. 2005)(Judge Lawson); *Day v. Mathai*, 2005 WL 2417092 (E.D. Mich. 2005)(Judge Hood).

    I have been critical of the total exhaustion rule in the past and declined to apply it prior to *Jones-Bey*. *See Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03), in which Judge Roberts accepted my Report and Recommendation deconstructing the arguments for total exhaustion. Indeed, I cited *Hartsfield v. Vidor* in my R&R as indicative of where I thought the law was moving, but noted that "[t]here is [was] no controlling Sixth Circuit authority for the proposition that a complaint which contains some claims which are exhausted and others which are not is subject to dismissal in its entirety under 42 U.S.C. § 1997e(a)."

    I respectfully and reluctantly disagree with my colleagues who view *Jones-Bey* as being foreclosed by *Hartsfield*. While the result in *Hartsfield* would suggest or imply the inapplicability of a total exhaustion rule, the court did not address or in any way discuss that issue, nor does it appear that it was even raised. In *Knuckles-El v. Toombs*, 215 F.3d 640,

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint was dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808. There is also a third option: permit the plaintiff to amend the complaint to dismiss the unexhausted claims. This option flows from the *Jones-Bey* court's reliance on the correlation between the PLRA and habeas corpus law.[7] In *Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), cited in *Jones-Bey*, the Supreme Court adopted a total exhaustion rule in habeas corpus cases. Regarding the habeas petitioner's interest in a speedy federal adjudication of his claims, the Court added, "A total exhaustion rule will not impair that interest since he can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." 455 U.S. at 520.

---

642 (6th Cir. 2000), the Sixth Circuit explicitly stated that it would "reserve to another day" the resolution of the total exhaustion question. That day arrived with *Jones-Bey*.

Nevertheless, as discussed elsewhere in this opinion, *Jones-Bey*'s analogy between habeas corpus and PLRA exhaustion principles clearly leaves the door open for a plaintiff who has filed a mixed complaint to amend so as to dismiss the unexhausted claims.

[7]*Jones-Bey* stated, "Because both bodies of law were created for similar reasons, their exhaustion rules should be interpreted in a similar manner." 407 F.3d at 808.

In *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003), the Eighth Circuit, which also applies a total exhaustion rule in §1983 cases,[8] permitted the plaintiff, who had filed a mixed complaint, to amend the complaint to dismiss the unexhausted claims. Stating that it was "guided by" *Rose v. Lundy*, the court noted that "[the plaintiff's] request to amend his complaint and dismiss [the unexhausted defendant] would have cured the defect necessitating the dismissal." 332 F.3d at 1144.

Nor would permitting a plaintiff to amend a mixed petition run afoul of *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), so long as exhaustion was properly pled in the complaint. In *Baxter*, the Sixth Circuit framed the issue as follows:

> "This case presents the discrete legal question of whether a prisoner, bringing an action under 42 U.S.C. § 1983 covered by the Prison Litigation Reform Act and *failing to allege in his initial complaint* that he had first exhausted his administrative remedies, may amend his complaint *to allege exhaustion* and satisfy the PLRA." *Id.* at 488 (emphasis added).

The *Baxter* court went on to note that "[t]he bar on amendment...serves the purpose of the heightened pleading requirement" of the PLRA. *Id.* at 489. Under *Baxter*, then, a complaint which does not plead exhaustion must be dismissed. However, if the pleading requirement is met in the initial complaint, nothing in *Baxter* would bar amending the complaint to simply dismiss claims which are in fact unexhausted, leaving the claims as to which exhaustion has been both pled and documented. *See, e.g., Casarez v. Mars*, 2003 WL 21369255 at 5-6 (E.D. Mich. 2003), where the Court held that *Baxter v. Rose* did not require

---

[8] *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

automatic dismissal of a complaint to which incomplete grievance documentation was attached, provided that exhaustion was properly pled in the complaint. ("Unlike the plaintiff in Baxter, the plaintiff here specifically alleged that he had exhausted his administrative remedies as required by the PLRA.").

### 2. The Bureau of Prisons Grievance Procedure

The Federal Bureau of Prisons has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred. 28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response. *Id.*

### 3. Application to the Present Case

Defendant argues pursuant to *Jones-Bey*, *supra*, that Plaintiff's failure to exhaust more than three Defendants (Sadzewicz, Black, and Finch) mandates dismissal of the entire action. Defendant's *Motion to Dismiss* at 7. Defendant also maintains that the complaint should be dismissed based on the fact that "Plaintiff does not make any specific averments

with regard to what issues were exhausted."[9]

While *Jones-Bey* permits the Court to dismiss the entire action without prejudice based on Plaintiff's inclusion of unexhausted Defendants Magulick, Zamora, Vroman, Culver, and Pepper, by analogy to *Rose v. Lundy*, *supra*, 455 U.S. at 520, the Plaintiff may also amend his complaint to remove the unexhausted Defendants. The bright-line, "total exhaustion rule" (in a habeas context) is tempered by the petitioner's option to "amend the petition to delete the unexhausted claims" rather than returning to state court to exhaust all of his claims." *Id.* The court in *Jones-Bey,* 407 F.3d at 806, fn.5, noting that its "total exhaustion" reading of the PLRA was drawn in part from the Eighth Circuit, cites *Kozohorsky v. Harmon,* 332 F.3d 1141 (8th Cir.2003), in which the Eighth Circuit "allowed the plaintiff to cure his complaint by deleting unexhausted claims." *Jones-Bey,* at 806, fn. 5; *Kozohorsky* at 1144. Further, allowing Plaintiff to remove unexhausted Defendants from his complaint "creates comity between § 1983 claims and habeas corpus claims," one of the

---

[9]Defendant, citing *Baxter v. Rose*, 305 F.3d 486, 488 (6th 2002), argues that Plaintiff should not be allowed to amend his complaint to comply with the pleading requirements. However, the Court notes that although Plaintiff did not attach his grievances to the complaint, he *stated* that he had exhausted the administrative procedure. *Complaint* at 4. Plaintiff's response to the dismissal motion included copies of the grievances filed against Sadzewicz, Finch, and Black. *Response to Defendant's Motion to Dismiss,* Attachment. *See Casarez v. Mars*, *supra*, ("Although the holding in *Baxter* does emphasize the need for prisoner plaintiffs to attach documentation of the exhaustion of their administrative remedies to their complaints, the case does not stand for the proposition that plaintiffs who do not attach documentation to their original complaints are forever barred from providing such documentation in future pleadings.") Plaintiff's action cannot be barred on the basis that he attached evidence that he had exhausted (which he already pled in his complaint)to a later submission.

Sixth Circuit's stated reasons for adopting the total exhaustion rule. *Id.* at 807.

Although Defendant also argues that "Plaintiff does not make any specific averments with regard to what issues were exhausted," preventing the court from determining "what issues were exhausted against each of the defendants," I find that Plaintiff states his grievances against the three exhausted individuals (Sadzewicz, Finch, and Black) with sufficient factual particularity to satisfy the exhaustion requirement.

Under *Jones-Bey*, the Court may either dismiss Plaintiff's complaint in its entirety without prejudice or dismiss the unexhausted claims on the merits, with prejudice:

> "If a district court is presented with a 'mixed' petition, it has the power under subsection (c)(2) to dismiss any frivolous claims, exhausted or not, *with prejudice*. However, dismissal under subsection (a) allows the court to dismiss the entire action *without prejudice*." 407 F.3d at 807 (emphasis in original).[10]

In this case, I recommend that the all claims against all Defendants, exhausted or not, be dismissed with prejudice pursuant to Rule 12(b)(6), as discussed below, with the exception of the retaliation claim against Defendant Sadzewicz. That claim, which is exhausted, should be dismissed without prejudice unless, within 21 days, the Plaintiff files an amended complaint containing only that claim.

**B.  Fed. R. Civ. P. 12(b)(6)**

    **1.  General Principles**

---

[10]§1997e(c)(2) permits dismissal on the merits of an unexhausted claim that is frivolous *or* fails to state a claim upon which relief can be granted.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### 2. Individual Defendants

#### i. Zamora and Vroman

Plaintiff quite literally fails to state a claim against these individuals by omitting any mention of them in his complaint. I recommend DISMISSAL WITH PREJUDICE of Defendants Zamora and Vroman.[11]

#### ii. Finch and Culver

Although Plaintiff mentions Defendant Finch in paragraphs 29, 31, and 32 of his

---

[11]While Plaintiff's response to the dismissal motion asserts that the "discovery procedure will fully reveal their participation in the events alleged in the complaint," (*Response* at 9) Plaintiff's initial pleading did not offer a factual basis for their participation in a conspiracy. "The mere drumbeat repetition of words such as 'arbitrary,' 'capricious,' and 'conspiracy' do not suffice to turn lawful conduct into a violation of federal rights, and courts will not look with favor on complaints which, trading on mere conclusory charges, fail to set out the specifics of a tenable claim."*Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir. 1987).

Complaint, he fails to state a civil rights violation. Plaintiff's allegations, which can be construed as a denial of access to the courts claim, state only that Defendant Finch signed a receipt for the overnight package addressed to him and later delivered the material to Defendant Black, who was investigating Plaintiff's purported attempts to place liens on the property of individuals involved in his criminal case.[12]  Similarly, Plaintiff's mention of Culver is contained in a one sentence allegation stating that the mail room assistant informed him that the overnight package had been given by Defendant Finch to Defendant Black. *Complaint* at ¶32.

Plaintiff's claims against Finch and Culver not only neglect to state a factual basis for the violation of *any* of his civil rights, but also fail to articulate the elements of his implied claim that the loss of the materials included in the overnight package prejudiced his Seventh Circuit submission. "In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury. . . . '[T]he requirement that an inmate show actual injury derives from the constitutional principle of standing[]'." *Harbin-Bey v. Rutter* 420 F.3d 571, 578 (6th Cir. 2005); *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey; Jackson v. Gill,* 92 Fed.Appx. 171, 173 (6th Cir.2004) (unpublished).

---

[12]Plaintiff's acknowledges that he has researched the possibility of placing liens on the property of judges, defense attorneys, and prosecutors, but denies having filed "any such liens" as of August, 2005. *Response* at 8, fn. 2.

As noted by Defendants, Plaintiff has not alleged that the absence of legal materials prejudiced his circuit court appeal. Plaintiff, whose family members apparently sought an attorney's help in preparing his appeal, has not presented any evidence that the affirmance of the district court's dismissal was based on anything but the merits of his underlying claim. Moreover, Plaintiff's failure to receive an overnight package, intercepted by investigating officers who reasonably believed that the confiscated material would aid Plaintiff in placing unlawful liens on the property of individuals he believed had wronged him (which Plaintiff acknowledges considering), does not state a claim of a constitutional violation. A prisoner's "right to receive mail is subject to prison policies and regulations that are 'reasonably related to legitimate penological interests,'" *Harbin-Bey,* 420 F.3d at 578 ; *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). I recommend that Defendants Finch and Culver be DISMISSED WITH PREJUDICE.

### iii. Black and Pepper

Similarly, Plaintiff's claims against Black and Pepper should be dismissed based on his failure to state a claim of constitutional violations. Plaintiff alleges that Officer Black returned only a portion of his legal documents after his release from administrative segregation and participated in an "arbitrary seizure of his legal documents." (*Complaint* at ¶¶17, 18, 20, 21).[13] He states that Defendant Pepper summoned him to the prison's

---

[13] Although *Bell v. Johnson,* 308 F.3d 594, 612 (6th Cir. 2002), found that "confiscating legal papers and other property in retaliation for the prisoner's exercise of his right of access to the courts would violate the inmate's constitutional rights," Plaintiff has admitted that retaining confiscated legal papers and intercepting mail was part of a legitimate prison

investigative office, and while interrogating him "about his pleadings in the matter of his criminal case," referenced some of Plaintiff's missing legal documents. *Id*. at ¶¶21-22. However as Plaintiff admits, Pepper's "interrogation" arose from the institution's reasonable concern that Plaintiff was not only preparing unlawful liens, but also encouraging and instructing other inmates to do likewise. *Id*. at ¶21. *See Turner v. Safley, supra*, 482 U.S. at 89. As discussed above, Plaintiff's allegation that Black intercepted Plaintiff's overnight package the next month does not state a constitutional violation. As acknowledged by Plaintiff, Black confiscated the package as a part of a legitimate investigation into Plaintiff's lien activities. Further, Plaintiff has not presented factual allegations to support a claim that either Black or Pepper intended to retaliate against him for filing a complaint against Officer Sadzewicz. Therefore, I recommend that Defendants Black and Pepper be dismissed WITH PREJUDICE.

### iv. Magulick and Sadzewicz

Plaintiff alleges that Defendant Sadzewicz, after determining that Plaintiff intended to file a grievance against him for coercing him into signing a confiscation form, retaliated by causing him to be placed in administrative segregation for two weeks. He alleges that as a result of a "false report" that Sadzewicz made to the prison's investigative office,

---

investigation into his lien activity by Defendants Black and Pepper. *Complaint* at ¶21, *Response* at 8, fn 2. Further, Plaintiff offers no factual allegations to suggest that Black and Pepper were complicit in a scheme to retaliate against him for filing a grievance against Defendant Sadzewicz or that their actions were "arbitrary."

Defendant Magulick, a lieutenant, placed Plaintiff in administrative segregation. *Complaint* at ¶¶7-13.

Plaintiff limits his claims against Magulick to one paragraph of his complaint which indicates Magulick signed off on Plaintiff's detention after being informed that he had engaged in illegal activities. *Id*. at 13. Assuming that Sadzewicz actually stated falsely that Plaintiff was involved in illegal activities, the complaint fails to allege facts to indicate that Magulick was complicit in Sadzewicz's alleged retaliation. More fundamentally, Plaintiff states affirmatively that Magulick's decision to segregate Plaintiff was the "direct result of the false report made by officer Sadzewicz." *Id.* at 13. This indicates that rather than participating in Sadzewicz's efforts to retaliate, Magulick reasonably believed that segregation was appropriate. I recommend that Magulick be DISMISSED WITH PREJUDICE.

On the other hand, Plaintiff's allegation that Sadzewicz retaliated against him by taking actions leading to his segregation after learning that he intended to file a grievance states a violation of constitutional magnitude. Pursuant to *Thaddeus-X v. Blatter, supra*, 175 F.3d at 394, Plaintiff alleges that he engaged in protected conduct, suffered an adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct," and that his protected conducted motivated the adverse action. *Harbin-Bey v. Rutter, supra* 420 F.3d at 579; *Thaddeus-X,* at 394.[14] Thus, Plaintiff has stated a claim of

---

[14]*See Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000)("An inmate has an undisputed First Amendment right to file grievances against prison officials on his own

retaliation against Defendant Sadzewicz - at least sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion.

## IV. CONCLUSION

I recommend, for the reasons stated above, that the motion to dismiss be GRANTED WITH PREJUDICE as to all Defendants except Sadzewicz, pursuant to Fed. R. Civ. P. 12(b)(6). I further recommend that the Complaint be dismissed WITHOUT PREJUDICE as to Defendant Sadzewicz, unless Plaintiff amends his Complaint within 21 days, to state only the retaliation claim against Defendant Sadzewicz.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich.

---

behalf.") The *Herron* court also found that "administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* 203 F.3d at 416.

LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  February 7, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 7, 2006.

s/G. Wilson<br>
Judicial Assistant