UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY L. JOHNSON,                          Case No.      05-71083

                    Plaintiff,               DISTRICT JUDGE
                                             ARTHUR J. TARNOW
v.
                                             MAGISTRATE JUDGE
OFFICER SADZEWICZ, *et al.*,                 R. STEVEN WHALEN

                    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION [DE 34] TO MODIFY COURT'S ORDER OF MARCH 21, 2006 [DE 24]

On March 21, 2006, this Court entered an order that dismissed Plaintiff's claims against seven of eight named defendants with prejudice.  It further dismissed claims against the eighth defendant without prejudice, subject to the Plaintiff's timely filing of an amended complaint.  Because the order disposed of fewer than all claims or parties,  Plaintiff seeks a certification of this order as a final order, pursuant to Fed. R. Civ. P. 54(b), as to the seven dismissed defendants.

Fed R. Civ. P. 54(b) states

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Sixth Circuit has recognized the following non-exhaustive list of factors to be considered in determining whether there is just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time . . .
>
> * * *
>
> Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (citation omitted).

Because this Court finds it possible a reviewing court might be obliged to consider the same issues twice, and because certification of judgment as final is within the discretion of the district court,

IT IS HEREBY ORDERED that the Plaintiff's Motion to Modify this Court's Order of March 21, 2006, is DENIED.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  February 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2007, by electronic and/or ordinary mail.

<div style="margin-left: 2em;">

s/Theresa E. Taylor

Case Manager

</div>